**Kiranpal SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–76046.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Decided Sept. 18, 2006.

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Hector M. Roman, Jr., Esq., Roman & Singh, LLP, Jackson Heights, NY, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark L. Gross, Esq., DOJ—U.S. Department of Justice, Civil Rights Division/Appellate Section, Amie S. Murphy, Esq., Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

### MEMORANDUM **

Kiranpal Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), we deny the petition for review.

In adopting and affirming the IJ's adverse credibility determination, the BIA emphasized two discrepancies in the record. First, Singh's testimony was inconsistent with the asylum officer's assessment regarding his participation in the 1997 election while allegedly under detention. Second, Singh testified that after he arrived in the United States, he asked the Shiromani Akali Dal (Mann) party to send a letter confirming his party membership, yet the letter pre-dates his arrival in the United States. Because "reasonable minds may differ" whether these discrepancies go to the heart of Singh's claim, substantial evidence supports the BIA's decision. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004). Accordingly, Singh failed to demonstrate eligibility for asylum and withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003).

Because Singh's CAT claim is based on the same testimony that the BIA found not credible, and he points to no other evidence the BIA should have considered, his CAT claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.